IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PAUL ELI BARKLEY                                                                    PLAINTIFF

v.                                          Case No. 4:17-cv-04006

GUARD NASH, Miller County Detention
Center ("MCDC"); GUARD HENSLEY,
MCDC; GUARD CRUISE, MCDC;
GUARD CRANE, MCDC; GUARD
SHUMAKE, MCDC; and NURSE
LONI, MCDC                                                                         DEFENDANTS

## ORDER

Before the Court is a Motion to Dismiss filed by Plaintiff. ECF No. 21. Defendants have not filed a response, and the time for response has passed. The Court finds this matter ripe for its consideration.

On February 8, 2017, Plaintiff filed his *pro se* Complaint and Application to Proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. Defendants Nash, Hensley, Cruise and Crane filed their Answer on March 6, 2017. ECF No. 10. On March 9, 2017, Defendant Loni filed a Motion to Dismiss in lieu of filing an answer, which is currently pending before the Court. ECF No. 11. Defendant Shumake was served on April 17, 2017 (ECF No. 22) and filed an Answer to the Complaint on May 5, 2017. ECF No. 23.

On April 10, 2017, Plaintiff filed the instant motion. The motion states as follows: "I would like to no longer pursue this Civil Case. I believe that god has plan for me in my life, however if I continue with the case I feel I will be out of the will of god. I apologize and ask the courts dismiss the case please." ECF No. 21.

Federal Rule of Civil Procedure Rule 41(a)(1)(A)(i) allows a plaintiff to voluntarily dismiss his action without prejudice and without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Defendant Shumake filed his answer to Plaintiff's Complaint on May 5, 2017, which was after Plaintiff filed the instant motion. Thus, the Court construes Plaintiff's motion to dismiss his claims against Defendant Shumake as a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Accordingly, the Court finds that Plaintiff's claims against Defendant Shumake should be dismissed without prejudice.

Defendant Loni filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) in lieu of filing an Answer to Plaintiff's Complaint. "Because a motion to dismiss under [Rule 12(b)(6)] is neither an answer nor a motion for summary judgment, its filing generally does not cut off a plaintiff's right to dismiss by notice." *In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 166 (3d Cir. 2008). The Court, thus, interprets Plaintiff's motion to dismiss his claims against Defendant Loni as a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Accordingly, the Court finds that Plaintiff's claims against Defendant Loni should be dismissed without prejudice.

Defendants Nash, Hensley, Cruise and Crane filed an answer to Plaintiff's Complaint prior to the filing of the instant motion. "Rule 41(a)(2) of the Federal Rules of Civil Procedure governs the issue of voluntary dismissal when the request for dismissal comes after an answer or motion for summary judgment." *Gray v. Burlington N. Santa Fe Ry. Co.*, No. 3:09-CV-00010, 2011 WL 12828516, at *1 (E.D. Ark. Mar. 15, 2011). As a result, the Court construes Plaintiff's motion as to the aforementioned Defendants as a Motion for Voluntarily Dismissal pursuant to Rule 41(a)(2).

Rule 41(a)(2) provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." The Eighth Circuit has established the following four factors to be considered when determining whether to grant a motion to voluntarily dismiss pursuant to Rule 41(a)(2): (1) the defendant's effort and the expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed by the defendant. *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987).

In the present case, the Court finds that the first factor is met as Defendants have not expended significant effort and expense in preparing for trial at this stage of the litigation. Regarding the second factor, the Court has not been presented with any evidence to support a finding that Plaintiff has excessively delayed his prosecution of the action. As a result, the second factor supports granting Plaintiff's motion. The Court further finds that the third factor is satisfied as Plaintiff has sufficiently explained his need to dismiss this action. Lastly, the fourth factor supports granting Plaintiff's motion as no motion for summary judgment has been filed by any Defendant. In conclusion, the Court finds that a balance of the factors weighs in favor of granting Plaintiff's Rule 41(a)(2) motion to dismiss his claims against Defendants Nash, Hensley, Cruise and Crane.

The last issue the Court must address is whether Plaintiff's dismissal pursuant to Rule 41(a)(2) is considered to be with or without prejudice. Plaintiff's motion fails to specify whether his request is for dismissal with or without prejudice. "[I]f the plaintiff either moves for dismissal without prejudice or fails to specify whether the request is for dismissal with or without prejudice, the matter is left to the discretion of the court. The trial court may grant a

Rule 41(a) dismissal without prejudice or may require that the dismissal be with prejudice." 9 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 2367 (2d ed. 1984 & Supp. 2008). Upon consideration, the Court finds that dismissal without prejudice is appropriate.

In conclusion, the Court finds that Plaintiff's Motion to Dismiss (ECF No. 21) is **GRANTED**. Accordingly, the Court finds that Plaintiff's Complaint should be and hereby is **DISMISSED WITHOUT PREJUDICE**. As a result of the dismissal of Plaintiff's Complaint, Defendant Loni's Motion to Dismiss (ECF No. 11) is **DENIED AS MOOT**. The Clerk of Court is hereby directed to close Plaintiff's case.

**IT IS SO ORDERED**, this 9th day of May, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge